UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA INSURANCE CO., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIMPSON STRONG-TIE COMPANY INC.,<br><br>    Defendant. | Case No. 19-cv-04683-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 85, 93, 97, 99, 100, 108, 109, 117, 122 |

Pending before the Court are administrative motions to file under seal brought by Plaintiffs Columbia Insurance Co. and MiTek Inc. (ECF Nos. 85, 93, 122) and administrative motions to file under seal brought by Defendant Simpson Strong-Tie Company Inc. ("Simpson") (ECF Nos. 97, 99, 100, 108, 109, 117).

## I.     PLAINTIFFS' MOTIONS TO SEAL

### A.     ECF No. 85

In conjunction with their *Daubert* motion, Plaintiffs move to consider whether another party's material should be sealed. Specifically, the motion addresses Exhibits A, D and H that Simpson designated as Confidential or Attorney's Eyes Only, and Exhibit I that non-party Clarivate Analytics, PLC ("Clarivate") designated as Attorney's Eyes Only. ECF No. 85. Civil Local Rule 79-5(f)(2) states that in this situation, "[i]n the event the Designating Party is not an ECF user in the case, the Filing Party must serve the motion on the Designating Party the same day the motion is filed." Here, Plaintiffs did not file a proof of service showing that they served this motion on Clarivate. So, while Clarivate failed to file a statement or declaration within seven

1  days (*see* Civ. L.R. 79-5(f)(3)), the Court is unsure what to make of that fact. The Court

2  **ORDERS** as follows: If Plaintiffs served this motion on Clarivate, they shall file a proof of

3  service stating that they did so. If Plaintiffs did not serve this motion on Clarivate, they must do

4  so now, together with a copy of this order, and file a proof of service showing that they did so, and

5  then Clarivate will have seven days to respond. Accordingly, the Court does not address the

6  sealing status of Exhibit I in this order.

7  Simpson filed a declaration stating that it does not seek to seal any of the exhibits set forth

8  in this motion. ECF No. 94 ¶ 11. Accordingly, the motion at ECF No. 85 is **DENIED** as to

9  Exhibits A, D and H. The Court orders Plaintiffs to file these Exhibits in the public record no

10  sooner than two days and no later than five days from the date of this order.

11  **B.     ECF No. 93**

12  In conjunction with their motion for partial summary judgment, Plaintiffs move to consider

13  whether another party's material should be sealed. ECF No. 93. This motion concerns Exhibits

14  H, K, L, M, N, O, P, Q, R, AA, JJ, KK, RR, SS, TT and XX that Simpson designated Confidential,

15  Exhibit X that non-party Cardinal Intellectual Property, Inc. ("Cardinal"), designated as

16  Confidential, and Exhibit LL that non-party Clarivate designated as Attorneys' Eyes Only. There

17  is again no proof of service.

18  Simpson filed a declaration stating that it seeks to seal Exhibits SS and TT to this motion

19  and nothing else. ECF No. 94 ¶¶ 2–11. Simpson's arguments in favor of sealing these two

20  Exhibits are persuasive.

21  Cardinal filed a statement in support of sealing Exhibits L, R, N and X. ECF No. 96.

22  Cardinal's arguments are persuasive.

23  Clarivate did not file a statement or declaration justifying the sealing of Exhibit LL, but

24  again the Court does not know what to make of that because there was no proof of service.

25  Accordingly, the Court **ORDERS** Plaintiffs to follow the procedures set out above with respect to

26  Clarivate. The Court does not rule on the sealing status of Exhibit LL at this time.

27  Accordingly, the Court **GRANTS** Plaintiffs' motion at ECF No. 93 as to Exhibits L, R, N,

28  X, SS and TT and **ORDERS** those Exhibits sealed. The motion is otherwise **DENIED**. The

United States District Court
Northern District of California

Court orders Plaintiffs to file Exhibits H, K, M, O, P, Q, R, AA, JJ, KK, RR, and XX in the public record no sooner than two days and no later than five days from the date of this order.

**C.     ECF No. 122**

Plaintiffs move to consider whether another party's material should be sealed. ECF No. 122. This motion concerns Exhibit A that Simpson designated as Confidential and Exhibit B that Cardinal has designated as Confidential. Neither Simpson nor Cardinal filed a declaration or statement in support of sealing these materials, and despite being a non-party, Cardinal is an ECF user in the case. Accordingly, the motion at ECF No. 122 is **DENIED**. The Court orders Plaintiffs to file Exhibits A and B in the public record no sooner than two days and no later than five days from the date of this order.

## II.     DEFENDANT SIMPSON'S MOTIONS TO SEAL

**A.     ECF Nos. 97, 117**

In conjunction with its *Daubert* motion, Simpson moves to consider whether documents designated as Confidential or Attorneys' Eyes Only by Plaintiffs or non-party Clarivate should be sealed. ECF No. 97. Clarivate was served with this motion. ECF No. 97-7. Neither Plaintiffs nor Clarivate have filed a declaration or statement in support of sealing any materials associated with this motion. In conjunction with its reply in support of its *Daubert* motion, Simpson further moves to consider whether a document designated as Confidential by Plaintiffs should be sealed. ECF No. 117. Plaintiffs have not filed a declaration or statement in support of sealing the materials associated with this motion.

Accordingly, the motions at ECF Nos. 97 and 117 are **DENIED**. The Court orders Defendant to file the materials associated with these motions in the public record no sooner than two days and no later than five days from the date of this order.

**B.     ECF Nos. 100, 108**

Simpson seeks to file under seal certain documents filed in conjunction with its opposition to Plaintiffs' *Daubert* motion (ECF No. 100) and in conjunction with its opposition to Plaintiffs' motion for partial summary judgment (ECF No. 108). The Court finds compelling reasons exist to seal the documents at issue in these motions.

Accordingly, the Court **GRANTS** Simpson's motions to seal at ECF Nos. 100 and 108.

**C.     ECF Nos. 99, 109**

In conjunction with its opposition to Plaintiffs' *Daubert* motion and its opposition to Plaintiffs' partial motion for summary judgment, Simpson moves to consider whether documents designated as Confidential or Attorneys' Eyes Only by either non-party Clarivate or non-party Cardinal should be sealed. ECF Nos. 99, 109. Clarivate was served with these motions. ECF Nos. 99-8, 109-9.

Cardinal filed statements in support of sealing Exhibits MM, WW and XX, which are at issue in both Simpson's motions at ECF No. 99 and its motion at ECF No. 109. ECF Nos. 106, 116. Clarivate did not file a statement or declaration justifying the sealing of any materials associated with either motion. The Court finds compelling reasons for sealing Exhibits MM, WW and XX.

Accordingly, the Court **GRANTS** the motions at ECF Nos. 99 and 109 as to Exhibits MM, WW and XX and **ORDERS** them sealed. The motions are otherwise **DENIED**. The Court **ORDERS** Simpson to file the remaining items associated with these motions in the public record no sooner than two days and no later than five days from the date of this order.

**IT IS SO ORDERED.**

Dated: May 30, 2025

THOMAS S. HIXSON
United States Magistrate Judge

4