UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA INSURANCE CO., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SIMPSON STRONG-TIE COMPANY INC.,<br><br>    Defendant. | Case No. 19-cv-04683-TSH<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 140, 147, 157, 183 |

## I. INTRODUCTION

Plaintiffs Columbia Insurance Co. and MiTek Inc. ("Plaintiffs") filed a complaint for patent infringement against Defendant Simpson Strong-Tie Company Inc. ("Simpson"). ECF No. 61 (First Amended Complaint). Simpson filed a counterclaim for patent invalidity against Plaintiffs. ECF No. 64. Pending before the Court are two administrative motions to file under seal brought by Plaintiffs (ECF Nos. 140, 157) and two administrative motions to file under seal brought by Simpson (ECF Nos. 147, 183). For the reasons set forth below, the Court **GRANTS** Plaintiffs' first Motion, **GRANTS IN PART and DENIES IN PART** Plaintiffs' second Motion, **GRANTS** Simpson's first Motion, and **GRANTS** Simpson's second Motion.[1]

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, n.7 (1978)). Courts generally apply a "compelling reasons" standard when

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 17.

1  considering motions to seal, recognizing that "a strong presumption in favor of access is the
2  starting point." *Id.* (cleaned up).  Parties seeking to seal judicial records relating to motions that
3  are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v.*
4  *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the
5  presumption with "compelling reasons supported by specific factual findings that outweigh the
6  general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at
7  1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil
8  Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions."
9  *Kamakana*, 447 F.3d at 1180.

10  Here, the documents at issue in Plaintiffs' Administrative Motions (ECF Nos. 140, 157)
11  were filed by Plaintiffs in connection with their Motion for Summary Judgment (ECF No. 141)
12  and their Opposition to Simpson's Motion for Summary Judgment (ECF No. 157-2).  Simpson's
13  second Administrative Motion was filed in connection with its Reply in support of its Motion for
14  Summary Judgment.  ECF Nos. 183, 184.  Motions for summary judgment, along with their
15  attached documents, are more than tangentially related to the merits of a case.  *See Ctr. for Auto*
16  *Safety*, 809 F.3d at 1098 ("while discovery-related motions are often unrelated to the merits of a
17  case, the same cannot be said for materials attached to a summary judgment motion because
18  summary judgment adjudicates substantive rights and serves as a substitute for trial") (cleaned
19  up); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *2
20  (N.D. Cal. June 01, 2020) ("Because the parties seek to seal portions and documents which pertain
21  to summary judgment motions, the Court applies the compelling reasons standard to these
22  documents.").  Accordingly, the compelling reasons standard applies to Plaintiffs' administrative
23  motions and to Simpson's second administrative motion.

24  The documents at issue in Simpson's first Administrative Motion (ECF No. 147) were
25  filed by Simpson in connection with its *Daubert* Motion to Exclude (ECF No. 148).  Where, as
26  here, a *Daubert* motion concerns opinions on "invalidity of the patents at issue in the case . . . and
27  efforts to strike or exclude expert opinions," the compelling reasons standard applies.  *VLSI Tech.*
28  *LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2023 WL 6317799, at *3 (N.D. Cal. Sept. 26, 2023);

1   *see also Ctr. for Auto Safety*, 809 F.3d at 1100 (treating *Daubert* motion as dispositive because it
2   "pertain[ed] to central issues bearing on defendant's summary judgment motion," and applying
3   compelling reasons standard to the motion). Accordingly, the compelling reasons standard applies
4   to Simpson's first administrative motion.

5         Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis*, 2020 WL
6   2838812, at *1. Where, as here, a filing party (the "Filing Party") seeks to seal a filed document
7   because that document has been designated as confidential by another party (the "Designating
8   Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's
9   Material Should Be Sealed. Civ. L.R. 79-5(f). This motion must identify each document or
10  portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the
11  Designating Party must file a statement and/or declaration" including "a specific statement of the
12  applicable legal standard and the reasons for keeping a document under seal." *Id.* at 79-5(c)(1),
13  (f). That statement must include (i) the legitimate private or public interests that warrant sealing;
14  (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to
15  sealing is not sufficient. *Id.* at 79-5(c)(1). A failure to file a statement or declaration may result in
16  the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

### III. PLAINTIFFS' MOTIONS TO SEAL

**A.  ECF No. 140**

19        On May 5, 2025, Plaintiffs filed an Administrative Motion to Consider Whether Another
20  Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with their
21  Motion for Summary Judgment ("Pl.'s MSJ"). ECF Nos. 141, 140. Plaintiffs move to file
22  portions of one document under seal on the basis that it was designated as "Attorneys' Eyes Only"
23  by Simpson: Pl.'s MSJ, Ex. J, at 33:6–36:24, 44:20–45:8 (ECF No. 140-2). ECF No. 140.

24        On May 12, 2025, Simpson responded to Plaintiffs' first Administrative Motion requesting
25  sealing of the portions of Exhibit J identified by Plaintiffs. ECF No. 146. In support of its
26  request, Simpson submits a declaration from Joseph V. Mauch setting forth the bases for sealing
27  the document. *See* Declaration of Joseph V. Mauch in Support of Plaintiffs' Administrative
28  Motion (ECF No. 146). Simpson states that Exhibit J discloses excerpts from the deposition of

1  Simpson's Vice President, Sam Hensen—the document discusses Simpson's confidential business
2  information as it contains non-public information regarding Simpson's intellectual property and
3  confidential sales data regarding Simpson's products. *Id.* at ¶¶ 4–6.
4     The Court has reviewed the requested portions to be sealed and finds Simpson's requests
5  are narrowly tailored to the confidential business document. The Court agrees that there are
6  compelling reasons to seal the requested portions as they relate to the confidential business
7  document. *See Regis Metro Associates, Inc. v. NBR Co.*, LLC, No. 20-cv-02309-DMR, 2022 WL
8  267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal because "[a]ll of the documents
9  contain sensitive business information or may be subject to confidentiality agreements"); *In re*
10 *Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2
11 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld
12 the sealing of "trade secrets, marketing strategies, product development plans, detailed product
13 specific financial information, customer information, internal reports, and other such materials that
14 would harm a party's competitive standing").
15    Accordingly, the Court **GRANTS** Plaintiffs' first Administrative Motion and **ORDERS**
16 that ECF No. 140-2 remain under seal. As the redacted version of Exhibit J has already been filed
17 in the public record (ECF No. 140-3), no further action is required.
18 **B.     ECF No. 157**
19    On May 30, 2025, Plaintiffs filed a combined Administrative Motion to Consider Whether
20 Another Party's Material Should Be Sealed and an Administrative Motion to Seal, pursuant to Civil
21 Local Rule 79-5, in connection with their Opposition to Simpson's Motion for Summary
22 Judgment ("Pl.'s Oppo."). ECF Nos. 157-2, 157, 158 (continuation of Motion).
23    **1.     Documents Designated By Simpson**
24    Plaintiffs move to file 31 documents under seal on the basis that they were designated as
25 "Confidential" or "Attorneys' Eyes Only" by Simpson:
26    - Pl.'s Oppo., Ex. 16 (ECF No. 157-4)
27    - Pl.'s Oppo., Ex. 25 (ECF No. 157-6)
28    - Pl.'s Oppo., Ex. 26 (ECF No. 157-7)

4

- Pl.'s Oppo., Ex. 27 (ECF No. 157-8)
- Pl.'s Oppo., Ex. 28 (ECF No. 157-9)
- Pl.'s Oppo., Ex. 29 (ECF No. 157-10)
- Pl.'s Oppo., Ex. 30 (ECF No. 157-11)
- Pl.'s Oppo., Ex. 31 (ECF No. 157-12)
- Pl.'s Oppo., Ex. 32 (ECF No. 157-13)
- Pl.'s Oppo., Ex. 33 (ECF No. 157-14)
- Pl.'s Oppo., Ex. 34 (ECF No. 157-15)
- Pl.'s Oppo., Ex. 35 (ECF No. 157-16)
- Pl.'s Oppo., Ex. 36 (ECF No. 157-17)
- Pl.'s Oppo., Ex. 37 (ECF No. 157-18)
- Pl.'s Oppo., Ex. 39 (ECF No. 157-20)
- Pl.'s Oppo., Ex. 40 (ECF No. 157-21)
- Pl.'s Oppo., Ex. 41 (ECF No. 157-22)
- Pl.'s Oppo., Ex. 42 (ECF No. 157-23)
- Pl.'s Oppo., Ex. 43 (ECF No. 157-24)
- Pl.'s Oppo., Ex. 45 (ECF No. 157-26)
- Pl.'s Oppo., Ex. 46 (ECF No. 157-27)
- Pl.'s Oppo., Ex. 50 (ECF No. 157-28)
- Pl.'s Oppo., Ex. 51 (ECF No. 156-48)[2]
- Pl.'s Oppo., Ex. 52 (ECF No. 157-29)
- Pl.'s Oppo., Ex. 53 (ECF No. 157-30)
- Pl.'s Oppo., Ex. 54 (ECF No. 158-1)
- Pl.'s Oppo., Ex. 55 (ECF No. 158-2)
- Pl.'s Oppo., Ex. 56 (ECF No. 158-3)
- Pl.'s Oppo., Ex. 57 (ECF No. 158-4)

---

[2] Plaintiffs did not file an unredacted version of this document.

5

1        • Pl.'s Oppo., Ex. 67 (ECF No. 158-5)

2        • Pl.'s Oppo., Ex. 68 (ECF No. 158-6)

ECF No. 157.

On June 5, 2025, Simpson responded to Plaintiffs' second Administrative Motion requesting sealing of nine documents: Pl.'s Oppo., Exs. 25, 26, 28, 42, 43, 45, 53, 54, 55. ECF No. 175. Simpson also requests that certain portions of one document be sealed: Pl.'s Oppo., Ex.16, at pages 32–35, 45, 57, 70–74, 146–154, 180–190. *Id.* In support of its request, Simpson submits a declaration from Lindsay van Keulen setting forth the bases for sealing each document. *See* Declaration of Lindsay van Keulen in Support of Plaintiffs' Administrative Motion (ECF No. 175).

All of Simpson's sealing requests relate to exhibits that discuss Simpson's confidential business information, including Simpson's product development plans and internal sales reports. ECF No. 175. Simpson argues that disclosure of the information in each document at issue would result in competitive harm to Simpson. *Id.* at ¶ 15. Exhibit 16 discloses excerpts from the deposition of Simpson's Vice President, Sam Hensen—this document contains non-public information about Simpson's intellectual property and sales strength of Simpson's products. *Id.* at ¶ 4. Exhibit 25 is Dr. Serwin's expert report that contains confidential sales data of Simpson and MiTek products. *Id.* at ¶ 5. Exhibits 26, 28, and 42 are internal Simpson emails that contain "confidential discussions regarding confidential sales data reflecting the relative strength of certain Simpson products." *Id.* at ¶¶ 6–8. Exhibits 43 and 45 are an internal Simpson email and document that contain "confidential information regarding Simpson's product development, including intellectual property relating to non-public ideas and strategy" for Simpson's products. *Id.* at ¶¶ 9–10. Exhibits 53 and 54 are an internal Simpson email and meeting minutes that contain confidential product development information. *Id.* at ¶¶ 11–12. Exhibit 55 is an internal Simpson email that contains confidential product development information. *Id.* at ¶ 13.

The Court has reviewed the requested portions to be sealed. Simpson's request to seal Dr. Serwin's expert report (ECF No. 157-6) in its entirety is overbroad. *See Allen v. Conagra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2020 WL 4673914, at *4 (N.D. Cal. Aug. 12, 2020) (denying

1  motions to seal without prejudice and noting "requests to seal entire pages of deposition testimony
2  and expert reports are overbroad"). Simpson does not explain why there are no suitable
3  alternatives to sealing the entire expert report. Simpson's request reaches far beyond sealable
4  information, extending to recitations of the expert's qualifications and to descriptions of
5  documents in the public record, such as information contained in Plaintiffs' publicly filed
6  complaint. Although the van Keulen Declaration establishes that the expert report contains *some*
7  sealable information, Simpson fails to establish that the expert report in its entirety is privileged or
8  protectable as a trade secret or otherwise entitled to protection under the law, as required under
9  Local Rule 79-5(a).

10  The Court finds Simpson's other requests are narrowly tailored to the confidential business
11 documents. The Court agrees that there are compelling reasons to seal the requested portions as
12 they relate to the confidential business documents. *See In re Apple Inc. Device Performance*
13 *Litigation*, 2019 WL 1767158, at *2.

14  Accordingly, the Court **GRANTS** Plaintiffs' second Administrative Motion to seal ECF
15 Nos. 157-7, 157-9, 157-23, 157-24, 157-26, 157-30, 158-1, and 158-2. With respect to Exhibit 16,
16 the Court **ORDERS** ECF No. 157-4 to remain sealed and **ORDERS** Simpson to file a redacted
17 version of Exhibit 16 in the public record within four days with pages 32–35, 45, 57, 70–74, 146–
18 154, 180–190 redacted. The Court **DENIES** without prejudice Plaintiffs' motion to seal ECF No.
19 157-6. Within four days, Simpson may propose narrowly tailored redactions to Serwin's report.
20 If Simpson fails to do so, Plaintiffs' motion will be denied with respect to ECF No. 157-6.

21  In its response to Plaintiffs' second Administrative Motion, Simpson states that it does not
22 request sealing of: Pl.'s Oppo., Exs. 27, 29–37, 39–41, 46, 50–52, 56–57, 67, 68. ECF No. 175.
23 Accordingly, the Court **DENIES** Plaintiffs' second Administrative Motion to seal ECF Nos. 157-
24 8, 157-10–157-18, 157-20–157-22, 157-27, 157-28, 157-29, and 158-3–158-6, and Plaintiffs are
25 hereby **DIRECTED** to file these Exhibits in the public record no sooner than three days and no
26 later than seven days from the date of this order.

27
28

      **2.**     **Documents Designated By Plaintiffs**

In this same Motion, Plaintiffs request that three documents in connection with its Opposition be filed under seal:

- Pl.'s Oppo., Ex. 24 (ECF No. 157-5)
- Pl.'s Oppo., Ex. 38 (ECF No. 157-19)
- Pl.'s Oppo., Ex. 44 (ECF No. 157-25)

ECF No. 157. Plaintiffs also move to file certain portions of one document under seal: Pl.'s Oppo., Ex. 1, at ¶¶ 340–42, 351, 353, 359, 361, 363, 367, 372, 376, 377, 380, 389, 390, 391–92, 403, 405, 407, 409–10 (ECF No. 158-7). *Id.* In support of their request, Plaintiffs submit a declaration from Julie Scheipeter setting forth the bases for sealing each document designated by Plaintiffs. *See* Declaration of Julie Scheipeter in Support of Plaintiffs' Administrative Motion (ECF No. 157-1). Plaintiffs filed redacted versions of their Opposition (ECF No. 156) and Controverting Statement of Facts (ECF No. 156-1) on the public docket because those documents identify information which is taken from exhibits filed under seal.[3] *Id.*

All of Plaintiffs' sealing requests relate to briefs and exhibits that discuss confidential business information. ECF No. 157-1. Plaintiffs argue that disclosure of the information in each document at issue would result in competitive harm to Plaintiffs. *Id.* Exhibit 1 is Dr. Serrette's Expert Report that contains "highly confidential information on sales information, product development, and marketing data not available to the public." *Id*. at ¶ 35. Exhibit 24 relates to the deposition of MiTek's corporate representative, Mike Nelson, and contains testimony that "describes confidential sales, profit, and other highly sensitive business information not available to the public." *Id.* at ¶ 36. Exhibit 38 is a MiTek sales report that contains "highly confidential, proprietary business information, including sales data, not available to the public." *Id.* at ¶ 37. Exhibit 44 is an email chain that contains "highly confidential, proprietary business and technical information, including product design, development, and sales, not available to the public." *Id.* at

---

[3] While Plaintiffs filed unredacted versions of these documents, the documents do not contain highlighted portions corresponding to the redacted portions on the public docket. *Compare* ECF Nos. 157-2, 157-3 (sealed documents) *with* ECF Nos. 156, 156-1 (redacted documents).

1  ¶ 38.

2  The Court has reviewed the requested portions to be sealed and finds Plaintiffs' requests
3  are narrowly tailored to the confidential business documents. The Court agrees that there are
4  compelling reasons to seal the requested portions as they relate to the confidential business
5  documents. *See In re Apple Inc. Device Performance Litigation*, 2019 WL 1767158, at *2.
6  However, for Plaintiffs' Opposition and Controverting Statement of Facts, Plaintiffs did not
7  comply with Local Rule 79-5 as they did not identify which portions of these documents sealing is
8  sought. *See* CIV. L.R. 79-5(e)(2) (instructing that unredacted briefs "must highlight the portions
9  for which sealing is sought"). Therefore, the Court cannot determine whether Plaintiffs' requests
10 for sealing these documents are appropriate.

11 Accordingly, the Court **GRANTS** Plaintiffs' second Administrative Motion to seal ECF
12 Nos. 157-5, 157-19, 157-25 and 158-7. As the redacted version of Serrette's report has already
13 been filed in the public record (ECF No. 156-2), no further action is needed with respect to that
14 Exhibit. The Court **DENIES** without prejudice Plaintiffs' motion to seal ECF Nos. 157-2 and
15 157-3. For those items, Plaintiffs shall comply with Local Rule 79-5(e)(2) within four days. If
16 Plaintiffs fail to do so, their motion will be denied with respect to ECF Nos. 157-2 and 157-3.

### IV. SIMPSON'S MOTIONS TO SEAL

**A.    ECF No. 147**

On May 14, 2025, Simpson filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its *Daubert* Motion to Exclude. ECF Nos. 147, 148. Simpson moves to file one document under seal on the basis that it was designated as "Confidential -Attorneys' Eyes Only" by Plaintiffs or refers to such designated material: Declaration of Joseph V. Mauch in Support of Simpson's *Daubert* Motion to Exclude, Ex. D (Expert Report of Dr. Reynaud Serrette On Validity) (ECF No. 147-2). ECF No. 147.

Under Civil Local Rule 79-5(f)(3), Plaintiffs had seven days to file a statement or declaration justifying the sealing. Plaintiffs did not do so. Ordinarily, this would be cause to deny Simpson's motion. *See* Civil Local Rule 79-5(f)(3). Here, however, as discussed above, Plaintiffs

9

have made clear that they do want certain portions of Serrette's report to be sealed, and the Court has granted that request. Accordingly, the Court **GRANTS** Simpson's first Administrative Motion to seal ECF No. 147-2. As the redacted version of Serrette's report is already in the public record, no further action is required.

### B.     ECF No. 183

On June 26, 2025, Simpson filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its Reply in Support of its Motion for Summary Judgment. ECF Nos. 183, 184. Simpson moves to file one document under seal on the basis that it contains material from documents that Plaintiffs requested be sealed in their Administrative Motion at ECF No. 157 and because it contains material that Simpson has designated as confidential: Simpson's Response to Plaintiffs' Additional Material Facts ("Reply Separate Statement") (ECF No. 183-2).[4] ECF No. 183. In support of its request, Simpson submits a declaration from Lindsay van Keulen setting forth the bases for sealing portions of the Reply Separate Statement that contain materials from documents designated by Simpson. *See* Declaration of Lindsay van Keulen in Support of Simpson's Administrative Motion (ECF No. 183-1). The declaration is persuasive.

The Court agrees that compelling reasons exist to seal portions of the Reply Separate Statement that contain material from documents designated by Plaintiffs and Simpson that the Court finds are appropriate for sealing, as discussed above. Accordingly, the Court **GRANTS** Simpson's second Administrative Motion. As the redacted version of the Reply Separate Statement is already in the public record (ECF No. 186), no further action is needed.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs' first Administrative Motion is **GRANTED**, Plaintiffs' second Administrative Motion is **GRANTED IN PART and DENIED IN PART**, Simpson's first Administrative Motion is **GRANTED**, and Simpson's second Administrative Motion is **GRANTED**.

---

[4] Simpson filed a redacted Reply Separate Statement on the public docket. *See* ECF No. 186.

**IT IS SO ORDERED.**

Dated: July 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge